**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHEN CHEN,<br><br>  Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 06-73360<br><br>Agency No. A072-094-033<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

  Chen Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings to file a second application for asylum and withholding of removal,

and to request relief under the Convention Against Torture ("CAT").  We have

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Chen's request
for oral argument is denied.

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny the petition for review.

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely because Chen filed the motion more than 90 days after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and his evidence did not demonstrate changed circumstances in China, *see He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) ("[T]he birth of children outside the country of origin is a change in personal circumstances that is not sufficient to establish changed circumstances in the country of origin within the regulatory exception to late-filed [motions to reopen].").

We reject Chen's contention that there are no time limits for filing a motion to reopen to apply for CAT relief. *See* 8 C.F.R. § 1003.2(c)(2).

Chen's contention that his successive asylum application should be considered independent of his motion to reopen is foreclosed. *See Lin*, 588 F.3d at 989.

Finally, Chen's due process claim fails because the BIA properly applied the time limitations for motions to reopen set forth in 8 C.F.R. § 1003.2(c)(2) to his untimely second application for asylum. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th

Cir. 2000) (requiring error and substantial prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**